UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   26-01936 |
| 4US Corp., Inc. | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Timothy Barnes |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**AGREED ORDER ALLOWING DAIMLER TRUCK FINANCIAL SERVICES USA LLC
ADEQUATE PROTECTION**

This Agreed Order is entered into between 4US Corp., Inc. ("Debtor") and Daimler Truck Financial Services USA LLC ("DTFS" and together with Debtor, the "Parties"), the Parties having jointly moved for the entry of this agreed order granting DTFS adequate protection [Dkt. No. 47] (the "Motion"). The Court has considered the Motion, and due notice of the Motion has been given. After due deliberation and consideration, and good and sufficient cause appearing therefor:

DEBTOR AND DTFS STIPULATE AND AGREE TO THE FOLLOWING:

1. DTFS financed Debtor's purchase of twenty trucks and trailers under the following Illinois Notes and Security Agreements (the "Loan Agreements"):
    a.      Illinois Note and Security Agreement dated December 28, 2021, pursuant to which Debtor financed the purchase of one 2022 Freightliner 122SD Tractor;
    b.      Illinois Note and Security Agreement dated May 24, 2022, pursuant to which Debtor financed the purchase of one 2023 Freightliner PT126 SLP Tractor;
    c.      Illinois Note and Security Agreement dated March 20, 2024, pursuant to which Debtor financed the purchase of two 2019 Wabash National Trailers;
    d.      Illinois Note and Security Agreement dated April 5, 2024, pursuant to which Debtor financed the purchase of two 2022 Freightliner PT126 SLP Tractors;
    e.      Illinois Note and Security Agreement dated May 10, 2024, pursuant to which Debtor financed the purchase of three 2024 MAC Flatbed Trailers;
    f.      Illinois Note and Security Agreement dated May 20, 2024, pursuant to which Debtor financed the purchase of three 2025 Freightliner PT126 SLP Tractors;
    g.      Illinois Note and Security Agreement dated June 17, 2024, pursuant to which Debtor financed the purchase of one 2025 Freightliner PT126 SLP Tractor;
    h.      Illinois Note and Security Agreement dated July 18, 2024, pursuant to which Debtor financed the purchase of two 2025 Freightliner PT126 SLP Tractors;
    i.      Illinois Note and Security Agreement dated August 6, 2024, pursuant to which Debtor financed the purchase of one 2025 Freightliner PT126 SLP Tractor;
    j.      Illinois Note and Security Agreement dated August 16, 2024, pursuant to which Debtor financed the purchase of one 2025 Freightliner PT126 SLP Tractor; and
    k.      Illinois Note and Security Agreement dated August 20, 2024, pursuant to which Debtor financed the purchase of three 2025 Freightliner PT126 SLP Tractors.

2. The equipment DTFS financed consists of the following equipment that remains in Debtor's possession (the "Retained Equipment Collateral"):

| Manufacturer Name | Model Name | Year | Vehicle Identification Number |
|---|---|---|---|
| FREIGHTLINER | PT126SLP | 2023 | 3AKJHHDR2PSUG6082 |
| FREIGHTLINER | PT126SLP | 2022 | 3AKJHHDR1NSMX7222 |
| FREIGHTLINER | PT126SLP | 2022 | 3AKJHHDR8NSMX7217 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR1SSVX5761 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR3SSVX5759 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDRXSSVX5760 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR1SSVX5758 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR1SSWB2691 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR3SSWB2692 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR3SSWB2689 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDRXSSWB2690 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR3SSVZ0620 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR5SSVZ0585 |

3. In addition, Debtor wants to surrender the following equipment (the "Surrendered Equipment Collateral" and together with the Retained Equipment Collateral, the "Equipment Collateral"):

| Manufacturer Name | Model Name | Year | Vehicle Identification Number |
|---|---|---|---|
| FREIGHTLINER | 122SD | 2022 | 3AKJGNDR7NDNP4446 |
| WABASH NATIONAL | Trailer | 2019 | 1JJV53200KL134508 |
| WABASH NATIONAL | Trailer | 2019 | 1JJV532D7KL134506 |
| MAC | Flatbed | 2024 | 5MAPA5320RH078873 |
| MAC | Flatbed | 2024 | 5MAPA5322RH078874 |
| MAC | Flatbed | 2024 | 5MAPA5329RH078872 |
| FREIGHTLINER | PT126SLP | 2025 | 3AKJHHDR5SSVZ0568 |

4. DTFS holds a properly perfected first lien and unavoidable purchase money security interest in the Equipment Collateral securing Debtor's performance of Debtor's obligations to DTFS under the Loan Agreements. DTFS' security interest in the Equipment Collateral is properly perfected through endorsement on the certificates of title to the Equipment Collateral.

5. The Loan Agreements are valid and enforceable according to their terms.

6. Debtor defaulted under the Loan Agreements by failing to make monthly payments due. As of the Petition Date, Debtor owed DTFS $2,351,598.55 (exclusive of attorneys' fees and costs), secured by the Equipment Collateral.

BASED ON THE PARTIES' STIPULATION AND AGREEMENT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

A.   As a condition to the Debtor's continued use, sale, and retention of the Equipment Collateral, DTFS is entitled to adequate protection pursuant to Sections 361, 362, and 363 of the Bankruptcy Code and to be afforded protection against loss arising from such use.

B.   As adequate protection of DTF interest in the Equipment Collateral: (a) no later than three days after entry of this order, Debtor will pay $23,000.00 as adequate protection for February 2026; (b) no later than March 30, 2026, Debtor will pay $27,000.00 as adequate protection for March, 2026; and (b) starting on April 30, 2026, and continuing on the 30th day of each succeeding month until a plan of

reorganization is confirmed, Debtor must make a monthly adequate protection payment of $25,000.00. The adequate protection payments required under this Stipulation and Agreed Order must be accounted for and applied as principal payments to the extent DTFS is determined to be undersecured. Upon payment of the first adequate protection payment, Debtor is entitled to retrieve and possess the Equipment Collateral ending in VIN 5759 and 2691. DTFS will cooperate with Debtor to assist in the return of the Equipment Collateral.

C.    As further adequate protection of DTFS' interest in the Equipment Collateral, Debtor must: (i) maintain all policies of insurance in accordance with the terms set forth in the Loan Agreements; (ii) except as expressly modified by this Agreed Order, the Loan Agreements will continue in full force and effect; (iii) Debtor must perform all its obligations under the Loan Agreements including, without limitation, Debtor's obligation to perform all maintenance on the Equipment Collateral, including preventative maintenance, to keep the Equipment Collateral in good working order; and (iv) Debtor must deliver to DTFS, at DTFS' request, such records or documents evidencing Debtor's performance as DTFS may reasonably request, including the location of the Equipment Collateral.

D.    As further adequate protection of DTFS's interest in the Retained Equipment Collateral, the automatic stay is modified so as not to restrain DTFS from pursuing in rem non-bankruptcy remedies with respect to the Surrendered Equipment Collateral. Debtor agrees to deliver and surrender to DTFS the Surrendered Equipment Collateral within 30 days from the effective date of this order. Notwithstanding anything to the contrary in Fed. R. Bankr. P. 4001(a), this order will be effective immediately with respect to the Surrendered Equipment Collateral.

E.    Upon the occurrence of an Event of Default (as defined below), DTFS may serve a notice of non-compliance (a "Non-compliance Notice") which will describe the Event of Default. The Debtor will have seven days from service of the Non-compliance Notice to cure the Event of Default or to contest the existence of an Event of Default by motion. In the event that Debtor does not timely cure the Event of Default or file a motion to contest the existence of an Event of Default, DTFS, upon an ex parte showing by affidavit of the Event of Default and a proposed order lifting the automatic stay, will be entitled to relief from stay to repossess and sell the Retained Equipment Collateral and otherwise exercise its remedies under the Loan Agreements. Notwithstanding anything to the contrary in Fed. R. Bankr. P. 4001(a), any order lifting the stay as to the DTFS or the Equipment Collateral under this Paragraph will be effective immediately. Event of Default means any of the following, unless waived by DTFS in writing: (a) a default by Debtor in the performance of any obligation under this Agreed Order; (b) the occurrence of a new default as defined in the Loan Agreements, except with respect to the amount or timing of monthly payments due under the Loan Agreements which will instead be governed by this Stipulation and Agreed Order; or (c) the failure of Debtor to confirm a plan of reorganization by November 15, 2026. Service of a Non-compliance Notice under paragraph will be deemed effective upon electronic transmission of such notice to Debtor's counsel David Freydin at david.freydin@freydinlaw.com or Derek Lofland at derek@freydinlaw.com.

F.    Upon the occurrence of a Termination Event (as defined below), Debtor's right and authority to use the Equipment Collateral will immediately terminate, Debtor must immediately cease using the Equipment Collateral, and the automatic stay provision of §362 of the Bankruptcy Code will terminate with respect to DTFS and the Equipment Collateral. Without further order of the Bankruptcy Court, DTFS will be entitled to repossess and sell the Equipment Collateral and otherwise exercise its remedies under the Loan Agreements. Fed. R. Bankr. P. 4001(a) is waived and will not apply to the operation of this Paragraph. Termination Event means any of the following: (a) entry of an order terminating Debtor's authority to use cash collateral or to otherwise conduct business, or the Debtor otherwise ceases the operation of its business, gives notice to Debtor's employees of an intent to cease

operations, or similar action; (b) conversion of this case to a case under another Chapter of the Bankruptcy Code; (c) entry of any order disapproving, reversing, vacating, or staying this Agreed Order, or amending or modifying it in any manner that adversely affects the rights of DTFS or the priority of any of DTFS' claims, liens or security interests.

G.   Upon the entry of an order lifting the automatic stay under Paragraphs D or E or the occurrence of a Termination Event, the Debtor (or Trustee, as the case may be) must immediately afford agents for and employees of DTFS reasonable access to Debtor's premises to facilitate the recovery by DTFS or DTFS' agents of the Equipment Collateral, or any other DTFS property, and must reasonably cooperate, consult with, and provide to such persons all information as may be reasonably requested to effect the recovery of the Equipment Collateral, wherever located, including Driver identities and addresses and (to the extent existent) driver interfaces and GPS.

H.   This Agreed Order is without prejudice to DTFS' right to seek relief from the automatic stay under 11 U.S.C. § 362 on any basis at any time. This Agreed Order does not and may not constitute a waiver by DTFS of any right that it may have with respect to the Equipment Collateral as secured party, including the right to elect treatment under 11 U.S.C. 1111(b), or with respect to the Debtor or the bankruptcy estate, including, without limitation, DTFS' rights as secured party under the Loan Agreements, or against any third party under any guaranty or other indemnity.

I.   DTFS may seek any additional protection as DTFS deems necessary with respect to the Equipment Collateral, including, without limitation, the right to seek additional adequate protection of its interests, or abandonment of the Equipment Collateral. Nothing contained in this Agreed Order constitutes, or may be deemed to constitute, an admission by DTFS that its interests are adequately protected within the meaning of 11 U.S.C. § 361 on the date of this Agreed Order or at any future date, and DTFS fully reserves its rights to assert that the provisions of this Agreed Order do or do not constitute adequate protection of its interests in the Equipment Collateral.

J.   Further, if the case is converted to a case under Chapter 7 at any time, DTFS will have lift of stay and will be entitled to exercise any or all of its rights and remedies as against the Collateral as permitted pursuant to Paragraph E without notice to the Debtor or further order of this Court, unless prior to a date 30 days after entry of an order converting the case to Chapter 7, the United States Trustee or Chapter 7 trustee objects to the enforcement of this paragraph.

K.   Notwithstanding anything to the contrary in Fed. R. Bankr. P. 4001(a), the terms and conditions of this Agreed Order will be immediately effective and enforceable upon its entry.

L.   The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Agreed Order.

Enter:

Timothy A. Barnes
United States Bankruptcy Judge

Dated:  March 18, 2026

**Prepared by:**

WARNER NORCROSS + JUDD LLP
/s/ Elisabeth M. Von Eitzen
Elisabeth M. Von Eitzen (P70183)
180 East Water Street, Suite 7000
Kalamazoo, Michigan 49007
269-276-8118
Attorneys for Daimler Truck Financial Services USA LLC

LAW OFFICES OF DAVID FREYDIN LTD

/s/ David Freydin
David Freydin
8707 Skokie Blvd, Suite 312
Skokie, Illinois 60077
630-516-9990
Attorneys for Debtor