UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>4US Corp, Inc.<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 26-01936<br><br>Chapter: 11<br>Honorable Timothy Barnes |

**ORDER AUTHORIZING DEBTOR TO PROVIDE ADEQUATE PROTECTION TO TRANSPORTATION ALLIANCE BANK, INC.**

This matter coming before the Court on the Motion of 4US Corp, Inc. (Debtor) with respect to (1) one Vehicle financed with Transportation Alliance Bank, Inc. ("TAB") (d/b/a TAB Bank), and to otherwise grant adequate protection to TAB on the 2021 Freightliner Cascadia, VIN # 3AKJHHDR0MSML2545 (the "Collateral"). Due notice having been given,

IT IS HEREBY ORDERED that:

1. The Debtor shall make adequate protection payments to TAB on the Collateral. The terms of the adequate protection payments are that adequate protection will be $780.00 per month for the Collateral. Adequate protection payments will commence on May 15, 2026, and be paid on the 15th of each month thereafter until the Plan is confirmed, at which time the Debtor will commence payments to TAB under the plan. Adequate protection payments are to be applied to principal balance.

2. Additionally, Debtor shall pay to TAB a total of $2,340.00 in lump sum immediately upon entry of this order for retroactive adequate protection payments for the months of February 2026, March 26, and April 2026.

3. In addition to the Adequate Protection Payments, TAB is hereby granted a replacement lien on their Collateral, to the extent and validity as the liens, claims and security interests held by the Secured Creditors prepetition and to the extent of any diminution in the value of the respective Collateral (the "Replacement Lien").

4. As additional adequate protection, the Debtor shall continue to insure the Collateral and properly maintain, preserve, and repair the Collateral.

5. Debtor shall also work with TAB to install GPS tracking equipment in the Collateral to ensure that TAB can track the location of the Collateral. As such, Debtor shall also install GPS units within 14 days of the entry of this Order and allow TAB to inspect the units.

6. TAB shall have the right to inspect the Collateral during normal business hours and upon appropriate notice to the Debtor and Debtor shall provide TAB with information concerning the collateral upon written request from TAB.

7. If TAB fails to receive an Adequate Protection payment within 5 days from the date of each payment due date, then TAB will file with the Court and serve on the Debtor, and its attorney, a Notice

of Default with Certificate of Service stating that the Debtor has 5 days to cure the default in full. If Debtor fails to cure the post-petition default in full within that time period, then TAB will file with the Court and serve on the Debtor, and its attorney, a Notice of Stay Termination with Certificate of Service, upon the filing of which the stay will be terminated as to TAB's Collateral, its principals, agents, successors and/or assigns, as to the Collateral securing its interest; Upon Notice of termination the Debtor will provide the last known location of the Collateral to TAB.

8. Reservation of Rights. TAB retains all rights and remedies against Debtor and any nonDebtor parties obligated to TAB for any reason whatsoever and/or with regard to TAB's interest in the Collateral, including, without limitation, TAB's right to file or amend any claims it has or may have against Debtor (including, without limitation, any administrative claims), to seek relief from the automatic stay regardless of whether an Event of Default has occurred, to seek additional adequate protection, to pursue claims, rights, and remedies against any guarantors of Debtors' obligations to TAB, to seek dismissal or conversion of Debtor's bankruptcy case, to seek the appointment of a trustee or examiner, to object to any Disclosure Statement or Plan of Reorganization filed in the bankruptcy case or to take such other actions as TAB may deem appropriate under the circumstances.

9. The adequate protection provided to the TAB herein is deemed to be adequate. However, nothing in this Order shall prejudice either the Debtor or TAB from seeking an Order modifying the Adequate Protection Payments or other adequate protection provided to TAB herein. TAB is also reserving its rights and not waiving any rights to contest any proposed plan treatment.

10. The Adequate Protection Payments shall continue until the earlier of (i) the effective date of a confirmed Plan of Reorganization, (ii) the amount of the outstanding indebtedness owed to TAB is satisfied, or (iii) further order of this Court.

11. Debtor shall provide proof of insurance to TAB for the Collateral. The insurance policy shall include the vehicle VIN and list TAB as the Lender Loss Payee. This proof of insurance shall be provided to TAB within seven (7) days of entry of this order.

12. TAB shall be entitled to an allowed administrative expense priority claim under Sections 503(b) and 507(b) of the unpaid amount, if any, of the Debtor's obligations under this Order and all subsequent post-petition Adequate Protection Payments until such time as the automatic stay is terminated in favor of TAB, and the Debtor stops using the Collateral and the Collateral is delivered to TAB.

13. The Debtor shall pay any and all taxes and governmental assessments on the Collateral. Upon Notice of termination the Debtor will provide the last known location of the Collateral to TAB.

14. Reservation of Rights. TAB retains all rights and remedies against Debtor and any non-Debtor parties obligated to TAB for any reason whatsoever and/or with regard to TAB's interest in the Collateral, including, without limitation, TAB's right to file or amend any claims it has or may have against Debtors (including, without limitation, any administrative claims), to seek relief from the automatic stay regardless of whether an Event of Default has occurred, to seek additional adequate protection, to pursue claims, rights, and remedies against any guarantors of Debtors' obligations to TAB, to seek dismissal or conversion of Debtor's bankruptcy case, to seek the appointment of a trustee or examiner, to object to any Disclosure Statement or Plan of Reorganization filed in the bankruptcy case or to take such other actions as TAB may deem appropriate under the circumstances.

15. The adequate protection provided to the TAB herein is deemed to be adequate. However, nothing in this Order shall prejudice either the Debtor or TAB from seeking an Order modifying the Adequate

Protection Payments or other adequate protection provided to TAB herein. TAB is also reserving its rights and not waiving any rights to contest any proposed plan treatment.

Enter:

Timothy A. Barnes
United States Bankruptcy Judge

Dated: May 26, 2026

**Prepared by:**

David Freydin
Law Offices of David Freydin, 8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847-972-6157 phone
866-897-7577 fax
david.freydin@freydinlaw.com
Bankruptcy Counsel for the Debtor